Hillsborough, }
June 7, 1910. }

## STATE *v.* CHALLIS.

The fact that an attorney made a suggestion as to the law of the case in the course of his testimony before the grand jury does not establish the proposition that they were influenced thereby against the respondent, when it also appears that the solicitor in charge of the proceedings instructed them to disregard the remarks.

INDICTMENT, for libel. The defendant's motion to quash the indictment for alleged irregularities before the grand jury was denied, and he excepted. Transferred from the January term, 1910, of the superior court by *Wallace,* C. J.

A lawyer who was counsel for the parties alleged to have been libeled called the attention of the county solicitor to the matter, with a view of having an indictment returned against the defendant, and at the request of the solicitor he caused the witnesses to appear before the grand jury. He also appeared before that body as a witness, and in the course of his testimony said in regard to the publication that "the law may regard this as a criminal libel." The solicitor presented the case to the grand jury, questioned the witnesses, and instructed the jury as to the law of the case, saying that they were to take the law as he gave it to them, without regard to what the witnesses might have said upon that subject. No persons were present at the hearing except the solicitor and the witnesses.

*Edwin G. Eastman,* attorney-general, and *Aime E. Boisvert,* solicitor, for the state.

*Thorp & Abbott (Mr. Thorp* orally), for the defendant.

WALKER, J. The case does not show that anything improper occurred before the grand jury, or that the indictment was not legally found and returned. The fact that one of the witnesses intimated in the course of his testimony before that body that the law might deem the publication a libel does not establish the proposition that the jury were influenced thereby against the respondent, when the solicitor in charge of the proceedings instructed them to disregard such remarks. Nor does the additional fact that the witness happens to be a reputable attorney, who is also counsel for the parties claimed to have been libeled, necessarily prove that the jury were improperly influenced by his

tentative suggestion.   Whether it might have had that effect is of course a question of fact which is answered in the negative by the ruling of the court denying the motion to quash.   His interest as counsel and his professional reputation did not disqualify him as a witness, which the court found was the position he occupied. As it appears that no one was present at the hearing before the grand jury but the solicitor and the witnesses in the case, and that the jury were not improperly influenced as a matter of fact by anything that occurred before them, the motion to quash was rightly denied.

*Exception overruled.*

All concurred.